United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRUCE A. VOORHES,

    Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

/

No. C-08-4951 MMC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is defendant's "Motion to Dismiss Complaint for Lack of Jurisdiction," filed April 6, 2009 pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

**BACKGROUND**[1]

On September 26, 2007, the Social Security Administration's Appeals Council denied plaintiff's request for review ("Denial of Review Decision") of an Administrative Law Judge's decision denying plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 301, et seq. ("Denial of Benefits Decision"). (See Ford Decl. Ex. 2.) Plaintiff's

---

[1] The facts described herein are undisputed, and, consequently, the distinction plaintiff draws between a facial and factual attack on jurisdiction and any "intertwining" of jurisdiction and substantive issues (see Opp'n at 10:22-11:5) has no bearing on the Court's analysis in this instance.

1 receipt of notice of the Denial of Review Decision marked the beginning of a 60-day period
2 in which plaintiff was entitled to file a civil action challenging the denial. See 20 C.F.R.
3 § 404.981 (providing "[t]he Appeals Council's decision, or the decision of the administrative
4 law judge if the request for review [by the Appeals Council] is denied, is binding unless [the
5 claimant] or another party file[s] an action in Federal district court, or the decision is
6 revised"; further providing "[the claimant] may file an action in a Federal district court within
7 60 days after the date [the claimant] receive[s] notice of the Appeals Council's decision").
8 On June 18, 2008, plaintiff requested an extension of time in order to file such an action.
9 ("Request for Extension"). (See Ford Decl. Ex. 3); see also 20 C.F.R. § 404.982 (providing
10 party to Appeals Council's denial of review "may request that the time for filing an action in
11 a Federal district court be extended"; further providing "[i]f [the claimant] show[s] that [the
12 claimant] had good cause for missing the deadline, the time period will be extended"). On
13 September 4, 2008, the Appeals Council denied plaintiff's request for an extension ("Denial
14 of Extension Decision"). (See id. Ex. 4.)

15 In the instant action, plaintiff seeks "a substantial evidence review" of the Appeals
16 Council's Denial of Extension Decision. (See Compl. at 4:13-15.) Defendant, by its motion,
17 seeks dismissal of the action, on the ground that the Court lacks subject matter jurisdiction
18 to review such decision. Plaintiff, in response, argues the Court may properly exercise
19 jurisdiction over the action because he has alleged a "colorable constitutional claim" (see
20 Opp'n at 10:9), specifically, that his due process rights were violated, in that "his mental
21 disability precluded him from seeking timely district court review" of the Denial of Benefits
22 Decision. (See Opp'n at 11:14.)

23 **DISCUSSION**

24 "The Social Security Act limits judicial review of the Commissioner's decisions to
25 'any final decision . . . made after a hearing.'" Udd v. Massanari, 245 F.3d 1096, 1098 (9th
26 Cir. 2001) (quoting 42 U.S.C. § 405(g)) (alteration in original). Regulations promulgated
27 under the Act provide that "[a]dministrative actions that are not initial determinations," which
28 actions include denials of requests "to extend the time period for requesting review of a

determination or a decision," are not subject to judicial review. See 20 C.F.R. § 404.903(j). An "exception" to the rule barring judicial review exists, however, where the denial of such a request "is challenged on constitutional grounds." See Udd, 245 F.3d at 1099 (quoting Califano v. Sanders, 430 U.S. 99, 109 (1977)).[2] This exception "applies to any colorable constitutional claim of due process violation that implicates a due process right to be heard or to seek reconsideration of an adverse benefits determination." See id. (internal quotation and citation omitted). "An allegation of mental impairment can form the basis of a colorable constitutional claim if the mental impairment prevented the claimant from understanding how to contest the denial of benefits." Klemm v. Astrue, 543 F.3d 1139, 1144-45 (9th Cir. 2008). In order to allege such a claim, however, a claimant "must present facts to show that he lacked the capacity to understand the review process." See id. at 1445 n.4.

Here, plaintiff alleges that during the period in which he could have timely filed a civil action, he suffered "a PTSD [Post-Traumatic Stress Disorder] flare . . . so severe that he was unable to effectuate an appeal."[3] (See Compl. at 4:5-7.) In his Request for Extension, plaintiff stated that his PTSD "flared during October 2007 until about April 2008" and that, "[d]uring that time, [he] became somewhat despondent, close to comatose. That is, there were days that [he] could not function at all." (See id. at 3:5-6.) Attached to his Request for Extension, plaintiff submitted a letter from his primary care physician, which letter, in relevant part, states:

> [Plaintiff] did not respond to your [Appeals Council's] letter of denial in the appropriate time for appeal due to the fact that your letter of denial caused him to

---

[2] Although both Udd and Sanders were decided in the context of a challenge to a denial of a motion to reopen, see Udd, 245 F.3d at 1099; see also Sanders, 430 U.S. at 103, defendant does not dispute that the above-referenced exception also applies in the context of a denial of a request for an extension of time.

[3] Plaintiff also alleges he "was without counsel at the time required for appeal, could not find an attorney to take his appeal, [and] was without a driver's license in a rural area where it was necessary to drive to possible attorneys to get help." (See Compl. at 4:3-5.) A claimant, however, has "no constitutional right to counsel at a disability benefits hearing," see Holland v. Heckler, 764 F.2d 1560, 1562 (11th Cir. 1985), and plaintiff has provided no authority suggesting such a right would exist in the period following such a hearing.

3

> incur a serious flare-up of his PTSD and depression with symptoms including anger, fatigue, sleep disturbances, and almost complete catatonia. He attempted to obtain a Federal Attorney but was unable to find one and this just made things worse. Please accept his appeal given that the degree of PTSD he has, coupled with depression, made him entirely unable to function on a daily basis which is common for this type of disorder.

(See Ford Decl. Ex. 3 at unnumbered 2.)

As defendant points out, plaintiff does not allege he was unable to understand the process for seeking judicial review of the Denial of Benefits Decision, nor does the above-referenced physician's letter, upon which plaintiff also relies, so indicate. See Klemm, 543 F.3d at 1145 n.4 (holding "[i]n order to allege a colorable due process violation . . . [the plaintiff] must present facts to show that he lacked the capacity to understand the review process") (emphasis in original). Indeed, plaintiff, in his complaint, concedes that after he received the operative notice, he "talk[ed] to . . . [his] non-attorney representative, who gave [him] some suggestions but told [him] it was [his] responsibility to obtain an attorney for a further appeal," and that thereafter, he "contacted" an attorney but "failed to obtain attorney representation." (See Compl. at 2:25-28.)

Plaintiff's allegations concern his difficulties in obtaining judicial review, not an inability to understand his right to do so or the process related thereto. Although the Ninth Circuit has recognized "there may be a case in which the severity of a claimant's physical incapacity is such that the denial of a motion to reopen amounts to a due process violation," see Klemm, 543 F.3d at 1145 n.4, no such circumstance, or any arguably equivalent circumstance, is alleged herein. In particular, plaintiff does not assert that during the period in which he could have timely filed a civil action, he was at all times unable to take the steps necessary to do so, or alternatively, that he was unable to file a timely request for an extension of time. See, e.g., id. (finding no due process violation based on asserted physical incapacity of obesity where plaintiff, at time application was denied, could ride bus and walk limited distance).[4]

---

[4] Although plaintiff states herein "there were days" on which he was unable to function (see Compl. at 3:5-6), and his physician similarly reports such inability, neither plaintiff nor his physician suggests such days comprised the entirety of the applicable 60-

In sum, plaintiff has failed to allege a "colorable constitutional claim," see Udd, 245 F.3d at 1099, and, consequently, the Court lacks subject matter jurisdiction over the instant action.

### CONCLUSION

For the reasons stated above, defendant's motion to dismiss is hereby GRANTED, and plaintiff's complaint is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: July 2, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

day period, and as discussed above, the record on which plaintiff relies is to the contrary.